**MIMI JIANG, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General \*, Respondent.**

**No. 06–5788–ag.**

United States Court of Appeals, Second Circuit.

May 6, 2008.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as respondent in this case.

Tina Howe, Wong & Partners, New York, NY, for Petitioner.

Song E. Park, Attorney (Peter D. Keisler, Assistant Attorney General, Civil Division, Lisa M. Arnold, Senior Litigation Counsel, on the brief), Office of Immigration Litigation, United States Department of Justice, Washington, DC, for Respondent.

PRESENT: AMALYA L. KEARSE, PIERRE N. LEVAL, and JOSÉ A. CABRANES, Circuit Judges.

## SUMMARY ORDER

Petitioner Mimi Jiang ("petitioner" or "Jiang"), a native and citizen of the People's Republic of China, requests review of a final order of removal of the Board of Immigration Appeals ("BIA") affirming in part a decision of Immigration Judge Barbara A. Nelson ("IJ"). Petitioner argues that she is eligible for asylum and that she established a well-founded fear of persecution based on past treatment by secondary school officials in response to an article she wrote for her school magazine.

The chronology that follows is largely drawn from the averments of the petitioner. Jiang was born on October 30, 1986 in the Fujian Province of China. She asserts that she attended school for ten years, but in her eleventh year, she was expelled for writing a school magazine article in which she criticized her teacher and the policies of the Chinese government for hiring such a teacher. Petitioner claims that in confronting Jiang about the article, the teacher indicated she (the teacher) was "the governor's daughter." When Jiang refused to apologize, the teacher slapped her. Shortly thereafter, the principal met with Jiang and expelled her from school. She was escorted from school by two security guards and not allowed to enter when she returned the next day. Jiang avers that, as a result of the expulsion, she was unable to enroll in any other school and that she was beaten by "thugs" as a result of having written the article. Petitioner states that after her encounter with the thugs, her father arranged for her to leave China for the United States. She arrived in Los Angeles in November 2003 without a valid entry document and was held in detention for 11 months.

Petitioner admitted removability during removal proceedings. In her oral opinion of August 25, 2005, the IJ found that the petitioner was not credible, based largely upon the IJ's perception that petitioner exaggerated the severity of her teacher's slapping her by referring to it as a "beating," and that there was no evidence to support her claim that she was beaten by thugs. The IJ also questioned petitioner's stated fear of returning to China "because of her illegal departure" when it appeared that petitioner left China legally on her own passport and had traveled to the Philippines after the publication of her article and was able to return to China without incident. Assuming *arguendo* that petitioner's account of her expulsion from school was credible and accurate, the IJ also found that petitioner had failed to establish past persecution or a well-founded fear of persecution. [SA 152] The IJ denied Jiang's applications for asylum and withholding of removal and denied petitioner's request for relief under the Convention Against Torture ("CAT"), Dec. 10, 1984, 1465 UNTS 85; *see* 8 C.F.R. § 208.18.

Petitioner appealed to the BIA. In an order of November 30, 2006, the BIA held that the IJ's adverse credibility determination was "clearly erroneous" because it was based on inconsistencies that "do not exist or are minor." *In re Mimi Jiang*, A95 652 744, *2 (BIA Nov. 30, 2006). Nonetheless, it affirmed the IJ's determination that petitioner had failed to establish a well-founded fear of persecution for her travel from China to the United States, based on her previous travel to and from the Philippines following the publication of her article. The BIA also affirmed the IJ's determination that petitioner had failed to establish past persecution or a well-founded fear of future persecution based on her alleged political opinions. *Id.* The BIA affirmed the denial of petitioner's applications for asylum and withholding of removal and found that petitioner had not established her eligibility for relief under CAT. Jiang filed this timely petition for review in our Court.

## DISCUSSION

Where the BIA affirms an IJ's decision and supplements it with its own reasoning, we review the IJ's decision as modified by that reasoning. *See Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir.2006).

A person is eligible for asylum if he or she is considered a "refugee" under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1158(b)(1)(A). The INA defines "refugee" as "anyone who is outside any country of such a person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42).

█ The primary basis for Jiang's claim of future persecution as a result of her expression of her political opinion is the allegation of economic harm that will follow her expulsion from school and her inability to attend other schools.[1] The

---

1. During her removal proceeding, Jiang alleged she suffered physical harm at the hands of her teacher and the "thugs." The IJ determined that this claim did not rise to the level of physical persecution. Jiang does not raise this claim before our Court. Issues not raised in an opening brief are deemed abandoned.

*See, e.g., Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1 (2d Cir.2005). Accordingly, Jiang has waived judicial review of this claim. She does raise two additional claims of persecution: (1) that, as an unwed mother-to-be, she would be subjected to a forced abortion, and (2) that her sister has mentioned that police

standard for evaluating economic persecution was not fully elaborated by the BIA when it decided Jiang's case. In an earlier case alleging economic persecution, we remanded to the BIA because we were unable to determine the standard used by the BIA in assessing the petitioner's claims of economic persecution. *See Mirzoyan v. Gonzales*, 457 F.3d 217 (2d Cir.2006). At a time after it considered the instant case, and in response to *Mirzoyan*, the BIA articulated a standard for assessing claims of economic persecution:

> Persecution requires a showing of more than mere economic discrimination. The economic difficulties must be above and beyond those generally shared by others in the country of origin and involve noticeably more than mere loss of social advantage or physical comforts. Rather, the harm must be of a deliberate and severe nature and such that is condemned by civilized governments.

*In re T–Z–*, 24 I. & N. Dec. 163, 173 (BIA 2007) (internal quotation marks omitted).

Because the BIA considered Jiang's case before articulating the standard it ultimately set forth in *In re T–Z–*, we cannot assume that the BIA used this standard when considering Jiang's case. The opinion in Jiang's case does not specifically mention economic persecution, and provides no explanation of what constitutes such persecution. "[W]here the BIA or IJ analysis is insufficient to determine whether the correct legal standard was applied" we will remand for consideration of the correct legal standard. *Manzur v. U.S. Dept. of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.2007); *see also Beskovic v. Gonzales*, 467 F.3d 223, 227 (2d Cir.2006);

*Mirzoyan v. Gonzales*, 457 F.3d 217, 221, 223 (2d Cir.2006). We have stated that we "will *vacate* BIA conclusions, as to the existence or likelihood of persecution, that a perfectly reasonable fact-finder *could* have settled upon, insofar as the BIA either has not applied the law correctly, or has not supported its findings with record evidence." *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 149 (2d Cir.2003) *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007). However, we will affirm if "we are confident that the same decision would be made in the absence of the noted deficiencies." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 (2d Cir.2006).

■ Here, the BIA upheld the IJ's determination that petitioner's allegations, if true, did *not rise to the level of persecution*. *In re Jiang*, at *2. Both the BIA and the IJ determined that petitioner failed to establish a well-founded fear of persecution for allegedly leaving China illegally, and noted that petitioner did not produce documentary evidence to support her claims of economic persecution other than a birth certificate, the letter from the school dismissing her, and the *Country Report on Human Rights Practices 2004: China* (U.S. Dep't of State Feb. 28, 2005). The BIA also noted that while petitioner testified that her father had been harassed to the point that he could not continue his business, the letter from him submitted by petitioner did not mention any such problems. In short, petitioner provided no nonconclusory evidence in support of her claims of economic persecution.

---

and government officials have waited near Jiang's house in order to arrest her when she returns. Pet'r. Br. at 17. Neither of these claims were raised before the IJ. *In re Mimi Jiang*, at *3 (noting additional documents and claims not raised before the IJ). Because she

did not raise these claims before the IJ, she did not exhaust administrative remedies, therefore we do not consider the claims. 8 U.S.C. § 1252(d)(1). *See, e.g., Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir.2006).

Although it is not apparent what standard the BIA or the IJ used to evaluate petitioner's claim of economic persecution, given the lack of evidence petitioner has provided in support of her claims, on this record remand would be futile. As we have observed before, "even if an IJ's decision contains errors, the decision will not be vacated and remanded if doing so would be futile." *Manzur*, 494 F.3d at 289. "If the reviewing court undertakes to determine whether remand would be futile, it should assess the entire record and determine whether, based on the strength of the evidence supporting the error-free findings and the significance of those findings, it is clear that the agency would adhere to its decision were the petition remanded." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir.2006). We decline to remand when we can "confidently predict that the agency would reach the same decision absent the errors that were made." *Id.* (internal citation and quotation marks omitted). "[W]e will deny the petition for review rather than remand where ... the evidence so overwhelmingly supports the IJ's finding that, notwithstanding identified errors, there is no realistic possibility of a different result on remand." *Cao He Lin v. U.S. Dep't. of Justice*, 428 F.3d 391, 395 (2d Cir.2005). "Because we would reach the same conclusion in this case regardless of whether we consider futility in the context of re-evaluation by the IJ or the BIA, it is enough for us simply to evaluate whether 'the agency,' broadly speaking, would reach the same result on remand." *Li Hua Lin v. U.S. Dep't. of Justice*, 453 F.3d 99, 108 n. 7 (2d Cir.2006). Petitioner has provided no evidence other than a letter recording her suspension from school and the Report on Human Rights Practices in China. Without more, this is simply not enough to establish either past persecution or a well-founded fear of future persecution.

We do not reach the question here of whether the BIA used a standard comparable or fundamentally identical to the one it later articulated in *In re T–Z–*, for evaluating economic persecution, or otherwise comment on the BIA's interpretation of economic persecution under applicable statutes.

## CONCLUSION

For the reasons stated above, the petition is denied.